# Chew *versus* Chew.

1. If an executor has forfeited his office by violating his testator's will, he can be removed only by the Orphans' Court in a direct proceeding for that purpose.

2. As beneficiaries of a continuing trust are entitled to repeated accounts, so they may have repeated actions for account of the trust.

ERROR to the Court of Common Pleas of *Philadelphia.*

[Glading *v.* George.]

The opinion of the court was delivered March 14, 1859, by

LOWRIE, C. J.—If any of the plaintiffs' have forfeited their office of executors by violating their testator's will, they can be removed only by Orphans' Court in a direct proceeding for that purpose. The question cannot be tried by averring the violation as a defence to an action by them to recover a debt to the estate.

As the beneficiaries of a continuing trust are entitled to repeated accounts, so they may have repeated actions for an account of the trust. There is nothing on our paper books that enables us to discover that there was a former suit between these same parties for the same account demanded here. The record of the former action is not given to us. It is not alleged that this suit is for the same money, but " for instalments of money derived from the same fund."

All the claims set up by the appellant are inadmissible as a defence. They arose in the lifetime of the testator, and are not a proper set-off against money collected by him for the estate since the testator's death. This must pass to the executor's hands, and the Common Pleas could not allow thereon without encroaching on the functions of the Orphans' Court. This is the general rule, and we do not feel called upon to make this case an exception. For the debts due to the appellant, he has abundant remedies by hastening the executors in settling the estate, and in other forms of action. And possibly the Orphans' Court might prevent the executors from oppressively collecting a claim from one who is entitled to much larger sums on the distribution of the estate, if the collection was clearly shown to be vain and oppressive.

Decree affirmed with costs and record remitted.